James Weiler, AZ Bar No. 034371
Jason Barrat; AZ Bar No. 029086
**WEILER LAW PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jweiler@weilerlaw.com
jbarrat@weilerlaw.com
www.weilerlaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Joshua Irwin,** an Arizona Resident, Individually and on Behalf of All Others Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>**CrossCountry Mortgage, LLC,** a Delaware limited liability company;<br><br>Defendant. | Case No.:<br><br>**COLLECTIVE ACTION COMPLAINT FOR COMPENSATION UNDER 29 U.S.C. § 201, *ET SEQ.***<br><br>**(Demand for Jury Trial)** |

Plaintiff Joshua Irwin ("**Plaintiff**"), individually, and on behalf of all other persons similarly situated for his Collective Action Complaint against Defendant CrossCountry Mortgage, LLC ("**CrossCountry**" or "**Defendant**") hereby alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff and the Collective Members[1] are current and former mortgage bankers employed by Defendant.

---

[1] Collective Members are fully defined below, under the Collective Action Allegations header.

2. Plaintiff brings this action on behalf of themselves and all other similarly situated Collective Members who were not fully compensated their overtime wages.

3. Plaintiff and the Collective Members were compensated on an hourly basis and were not paid one-and-one-half times their regular rates with commissions included in that rate of pay for all time worked in excess of 40 hours in a given workweek.

4. Plaintiff and the Collective Members bring this action against Defendant for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (hereinafter "**FLSA**").

5. This is an action for equitable relief, overtime wages, unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

6. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees one-and-one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek. *See* 29 U.S.C. § 207(a).

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiffs and the Collective Members occurred within the District of Arizona, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

9. This Court has jurisdiction over the subject matter and the parties hereto

pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

**PARTIES**

10. At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

11. At all relevant times to the matters alleged herein, Plaintiff was a full-time employee of Defendant.

12. At all relevant times to the matters alleged herein, Plaintiff was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

13. At all relevant times to the matters alleged herein, Plaintiff and the Collective Members were non-exempt employees.

14. Defendant CrossCountry is a company authorized to do business in Arizona.

15. Defendant was Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

16. Upon reasonable belief, Plaintiff and the Collective Members, in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

17. Upon reasonable belief, Plaintiff and the Collective Members, in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

18. Upon reasonable belief, Plaintiff and the Collective Members, in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

19. Upon reasonable belief, Plaintiff and the Collective Members, in their work

for Defendant, were employed by an enterprise engaged in commerce that had and/or will have annual gross sales of at least $500,000 in 2023.

20. At all relevant times, Plaintiff and the Collective Members, in their work for Defendant, were engaged in commerce or the production of goods for commerce.

21. At all relevant times, Plaintiff and the Collective Members, in their work for Defendant, were engaged in interstate commerce.

22. Plaintiff and the Collective Members, in their work for Defendant, regularly handled goods produced and transported in interstate commerce.

23. Plaintiff and the Collective Members would communicate regarding business matters via telephone.

24. Plaintiff and the Collective Members are covered employees under individual coverage.

25. Plaintiff and the Collective Members are covered employees under enterprise coverage.

**FACTUAL ALLEGATIONS RELATING TO PLAINTIFF**

26. Defendant CrossCountry Mortgage, LLC is a mortgage company.

27. Plaintiff Joshua Irwin was employed by Defendant from on or around September 17, 2020, until on or around May 26, 2022.

28. During his employment, Plaintiff was a mortgage underwriter/banker/broker whose primary job duties included, *inter alia*, verification of borrower information and identifying loan conditions necessary to satisfy the terms of the investor.

29. At all relevant times, Plaintiff was to be paid a regular hourly rate of $55.29.

30. In many pay periods, Plaintiff worked in excess of 40 hours per week.

31. During each pay period that Plaintiff worked in excess of 40 hours, Plaintiff was also paid an amount for overtime.

32. During many pay periods, Plaintiff was also paid a non-discretionary bonus and/or commission.

33. During each of the pay periods that Plaintiff was paid a non-discretionary bonus and/or commission, Plaintiff was not paid the correct amount of their overtime wages.

34. At all times relevant, Defendant improperly calculated Plaintiff's regular rate of pay pursuant to the FLSA.

35. Defendant failed to properly incorporate the incentives, bonuses, commissions, and additional compensation paid to Plaintiff in each pay period as part of the determination of their regular rate of pay.

36. As a result, Defendant failed to pay Plaintiff overtime at a rate of 1.5 times Plaintiff's new regular rate of pay pursuant to the FLSA.

37. At all relevant times during Plaintiff's employment, Defendant failed to properly compensate Plaintiff for all of his overtime hours.

38. Defendant was aware that Plaintiff's working hours exceeded 40 hours.

39. Defendant required Plaintiff to work overtime as a condition of his employment.

40. Defendant wrongfully withheld wages from Plaintiff by failing to pay all wages due for overtime hours Plaintiff worked.

41. Defendant refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

42. Defendant's failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA was willful.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff, on behalf of himself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

44. Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b).

45. The proposed collective class for the FLSA claim is defined as follows:

**All persons who work[ed] for CrossCountry Mortgage, LLC; who work[ed] over 40 hours in any given workweek; as a past or present mortgage underwriter, banker, and/or broker or similarly titled job with similar job duties and responsibilities; who were not paid overtime at the correct overtime rate of pay for all hours worked over 40 in a given workweek are known as (the "Collective Members").**

46. Plaintiff has given his written consent to be the Named Party Plaintiff in this action pursuant to U.S.C. § 216(b). Plaintiff's signed consent form is attached as **"Exhibit 1"**. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

47. At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and/or have been subject to Defendant's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay one-and-one-half times Plaintiff's and the Collective Members' new regular rates of pay for all time in excess of forty (40) hours per workweek that Defendant suffered or permitted them to work.

48. Plaintiff's claims stated herein are essentially the same as those of the

Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff are identical or substantially similar.

49. Defendant paid Plaintiff and the Collective Members an hourly rate.

50. Plaintiff and the Collective Members routinely worked over forty (40) hours in a given workweek and were not compensated at the appropriate overtime rate by Defendant for all hours they worked over forty in a given workweek.

51. The Collective Members perform or have performed the same or similar work as Plaintiff.

52. As such, the Collective Members are similar, if not identical, to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime pay.

53. Defendant's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

54. The experiences of Plaintiff, with respect to his pay, are typical of the experiences of the Collective Members.

55. All collective members, irrespective of their particular job requirements and job titles, are entitled to overtime compensation based upon their appropriately calculated regular rate of pay for hours worked in excess of forty (40) during a given workweek.

56. Notice of this action should be sent to all similarly situated employees.

57. There are numerous similarly situated current and former employees of Defendant who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the

case.

58. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## COUNT I
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

59. Plaintiff, on behalf of himself and the Collective Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

60. Plaintiff and the Collective Members are/were non-exempt employees entitled to the statutorily mandated overtime wages.

61. While employed by Defendant, Plaintiff and the Collective Members worked numerous hours of overtime that Defendant did not pay at the correct overtime rate.

62. As a result, Defendant has intentionally failed and/or refused to pay Plaintiff and the Collective Members all owed overtime according to the provisions of the FLSA.

63. Defendant further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 207.

64. Defendant knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal law, and Defendant was aware of the FLSA overtime requirements during Plaintiff's and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

65. As a result of Defendant's failure or refusal to pay Plaintiff and the Collective Members a wage equal to one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for work they performed for Defendant in excess of their regular 40-

hour workweek, Defendant violated 29 U.S.C. § 207(a).

66. Plaintiff and the Collective Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendant:

A. Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. For the Court to declare and find that the Defendant committed one or more of the following acts:

　　i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

　　ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.  For the Court to provide reasonable incentive awards for the named Plaintiff to compensate him for the time he spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

G.  Such other relief as this Court shall deem just and proper;

RESPECTFULLY SUBMITTED March 31, 2023.

**WEILER LAW PLLC**

By: /s/ James Weiler
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiffs